**L. D. GEORGE LUMBER COMPANY, Inc., v. DAUGHERTY et al.**

(Circuit Court of Appeals, Fourth Circuit. May 5, 1914.)

No. 1218

1. EQUITY (§ 330*)—PLEADINGS—OBJECTIONS—WAIVER.

Where a decree enjoining creditors and appointing receivers for a corporation recited that defendants, having due notice, and appearing and not objecting to the decree, reserved the right to file such pleadings as might be advised by counsel and demur or answer the bill, and the answer subsequently filed was a plea to the merits without making any specific point that the court was without jurisdiction to appoint receivers, because of lack of an averment in the bill of an unsatisfied judgment against the corporation, such objection was waived.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 660–668, 671; Dec. Dig. § 330.*]

2. APPEAL AND ERROR (§ 193*)—SCOPE OF REVIEW—QUESTIONS NOT RAISED AT TRIAL.

Where defendants made no objections to the appointment of receivers at the trial, they could not successfully claim for the first time on appeal that the court had no jurisdiction to appoint receivers because of a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

failure of the bill to aver an unsatisfied judgment against the corporation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226–1238, 1240; Dec. Dig. § 193.*]

3.. CORPORATIONS (§ 581*)—CONSOLIDATION—INVALIDITY—LIABILITY OF ASSETS —ULTRA VIRES ACTS.

A Pennsylvania corporation desiring to consolidate with defendant organized under a Virginia charter, the president of each executed an agreement under the corporate names and seals providing for such consolidation. Thereafter financial statements were made to mercantile agencies and debts were contracted, and all business with the public was transacted as if the consolidation had been effected according to law, but it was illegal for lack of corporate action authorizing it, and for failure to comply in other particulars with the laws of both states. All the directors and stockholders of both companies, however, were present and participated in the attempted agreement for consolidation or afterwards acquiesced in it. *Held*, that though, as against the state of Virginia and creditors of the defendant company, its officers and stockholders could not convert its assets into assets of the Pennsylvania company in the prosecution of a joint enterprise under the latter's name, yet since the consolidation could have been lawfully effected under the laws of both states, and creditors had extended credit on the faith of the consolidation and statements made pursuant thereto, defendant for the benefit of its stockholders could not successfully claim that the consolidation was ultra vires and that its assets were not liable for the debts of the de facto consolidated company.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2322–2329; Dec. Dig. § 581.*]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Bill by L. L. Daugherty and another, partners, trading as Daugherty, McKey & Co., and others, against the L. D. George Lumber Company, Incorporated. From a decree directing that the assets of the defendant Lumber Company were liable for the debts of the Harding-Finley Company, pursuant to illegal consolidation proceedings, defendant appeals. Affirmed.

John A. Lamb, of Richmond, Va., and J. M. Turner, of Manchester, Va., for appellant.

Munford, Hunton, Williams & Anderson, of Richmond, Va., and Porter, Foulkrod & McCullagh and Sidney E. Smith, all of Philadelphia, Pa., for appellees.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. On January 29, 1912, W. H. Harding, president of Harding-Finley Lumber Company, a corporation doing business in Philadelphia under a Pennsylvania charter, and L. D. George, president of L. D. George Lumber Company, a corporation doing business at Penola, Va., under a charter from that state, executed an agreement under the corporate names and seals which provided for the consolidation of the two corporations. The contract stipulated, among other things, "the office of the L. D. George Lumber Company at Penola, Virginia, shall be maintained as a branch office" of Harding-

Finley Lumber Company. Thereafter statements were made to mercantile agencies, debts were contracted, and all business with the public was transacted as if the consolidation had been effected according to law.

The consolidation was illegal for lack of corporate action authorizing it, and for failure to comply in other particulars with the laws of both Pennsylvania and Virginia; but all the directors and stockholders of both companies were present and participated in the attempted agreement for consolidation, or afterwards acquiesced in it.

Harding-Finley Company afterwards became embarrassed, and on January 16, 1913, under a bill filed by creditors for that purpose, the District Court of the United States for the Eastern District of Pennsylvania appointed receivers of the corporate property. The bill alleged the entry of judgments against the company, the danger of its insolvency if its property should be sold under execution, and a surplus of assets over debts if the corporate affairs should be settled under the direction of the court. Thereafter, the same complainants, Daugherty, McKey & Co., and J. S. Moore & Co., filed this bill in the District Court for the Eastern District of Virginia, setting out the proceedings in the District Court for the Eastern District of Pennsylvania, the agreement for consolidation, the action of the corporation and its officers and stockholders thereunder, the making of debts to the complainants on the faith of the joint statement of the corporations that they had been merged and that the assets of both companies were available for the payment of the debts. On these allegations the complainants asked the court to hold that as to creditors there was a de facto consolidation, and that the assets of the George Company was a part of the assets of the Harding-Finley Company for the payment of debts; and to appoint as receivers of the property held by the George Company the receivers appointed by the District Court for the Eastern District of Pennsylvania.

Upon the preliminary hearing the District Judge for the Eastern District of Virginia issued the usual order of injunction and appointed the receivers; and afterwards upon the trial of the cause decreed:

"First. That said undertaking so entered into between them, as far as the assets and estate of the George Lumber Company is concerned, makes such assets liable in equity for the payment of the indebtedness contracted by the Harding-Finley Company, pursuant to such agreement, said indebtedness having been incurred on the faith and credit of the joint properties of the said two companies; second, that the property of said L. D. George Lumber Company, after first being applied to the debts of that company, if any it owed, should be applied along with the assets of the Harding-Finley Company, properly applicable thereto, to the liquidation, as far as necessary, of such joint indebtedness; third, that any balance remaining from the George Lumber Company assets shall belong to said company."

[1] The first point made by the appeal is that the court exceeded its jurisdiction in appointing receivers and in undertaking to administer the assets of the George Company, because the bill contained no allegation that judgments had been obtained and remained unsatisfied against that company. The defendant clearly waived and lost the right to avail itself of this objection. The decree enjoining creditors and appointing receivers recites:

"It appears to the court that the defendants have had due notice of such motion and the defendants, by their counsel, appearing and not objecting to this decree but reserving the right to hereafter file such pleadings as they may be advised by counsel and demur or answer to the bill herein filed in this cause."

[2] The answer afterwards filed was a plea to the merits of the case. It is true that it contains an allegation of solvency, but this was an appropriate plea to the merits of the cause, and was not understood by the court and could hardly have been intended, to make the specific point that the court was without jurisdiction to appoint receivers for lack of averment of an unsatisfied judgment. Not only does the record afford no indication that objection was made to the jurisdiction or power of the court on this ground, but it affirmatively appears that the defendants make no objection to the appointment of receivers. Under these conditions it is well settled that the objection comes too late in an appellate court. Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934; Hollins v. Briarfield, C. & I. Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113; Leary v. C. R. & P. S. Co. (C. C.) 82 Fed. 775.

[3] On the merits, the George Company contends that, since the attempted consolidation was unlawful, it is impossible that its assets should be liable for the debts of the Harding-Finley Company. This conclusion is not sound. The George Company, it is true, still exists as a separate corporation under the laws of Virginia and must respond to all the legal requirements of that state to which such corporations are subject. It still exists as to its creditors so far as its existence is necessary to their protection; and its assets are primarily liable to the payment of debts contracted in its corporate name.

As against the state of Virginia and the creditors of the George Company, the officers and stockholders could not convert its assets into assets of Harding-Finley Company in the prosecution of a joint enterprise under the former name. But when the president in the corporate name, with the co-operation of all stockholders, undertook to embark all the corporate assets in a business venture, and in the prosecution of that enterprise obtained credit or agreed that others engaged in it should obtain credit on the faith of the corporate property, equity will not allow the corporation in the interest solely of the stockholders to assert that the corporate property is not liable.

The expressions of the courts on the subject of ultra vires are not in entire accord, but we venture to think there is no material difference of judicial opinion on the point here involved. The state, creditors, and stockholders are interested in corporations keeping within the powers conferred on them by law. Acts done in the name of the corporation forbidden by the law of the state expressive of its public policy cannot be made valid by acquiescence, nor become binding on the corporation by estoppel. The law on this point is thus stated in De La Vergne Company v. German Savings Inst., 175 U. S. 40, 20 Sup. Ct. 20, 44 L. Ed. 65:

"The doctrine that no recovery can be had upon the contract is based upon the theory that it is for the interest of the public that corporations should not transcend the limits of their charters; that the property of stockholders

should not be put to the risk of engagements which they did not undertake; that if the contract be prohibited by statute every one dealing with the corporation is bound to take notice of the restrictions in its charter, whether such charter be a private act or a general law under which corporations of this class are organized."

This principle has been applied many times by the Supreme Court of the United States from Pearce v. Madison, etc., R. Co., 62 U. S. (21 How.) 441, 16 L. Ed. 184, to First National Bank v. Converse, 200 U. S. 425, 26 Sup. Ct. 306, 50 L. Ed. 537, where public service corporations undertook to make contracts affecting their public duties, and where corporations undertook to make contracts forbidden by statute, or contrary to public policy.

But the rule is also well established that an act not forbidden by law, but authorized to be done in a certain way, becomes binding on the corporation as far as it affects creditors and stockholders when they have consented to the irregular methods adopted by the corporate officers.

Referring to an effort at consolidation not carried out according to the statute, Judge Taft says in Farmers', etc., Co. v. Toledo, etc., R. Co. (C. C.) 67 Fed. 49:

"It is too well established to need discussion that both a de facto corporation and the persons exercising the rights of stockholders in such a corporation are estopped to assert its unauthorized existence as a corporation to avoid a debt incurred by it in the actual exercise of corporate franchises and the doing of corporate business."

In Zabriskie v. Cleveland, etc., R. Co., 64 U. S. (23 How.) 381, 16 L. Ed. 488, and Close v. Glenwood Cemetery, 107 U. S. 466, 2 Sup. Ct. 267, 27 L. Ed. 408, and other cases, the same rule is applied.

This principle governs the present case. The consolidation could have been lawfully effected under the laws of Virginia and Pennsylvania. The method of consolidation adopted was not in compliance with the statute law of these states, but the stockholders and officers of both corporations either participated in or afterwards ratified the plan adopted, and the complainants are creditors who extended credit on the faith of the consolidation and the statements made in pursuance of it. No creditors of George Lumber Company have objected to the relief granted, and the District Court has directed that they should be first paid from proceeds of sale. The decree of the District Court is in accordance with law and meets all the equities of the cause.

Affirmed.