Points Decided.

(January 7, 1918.)

## JAMES SUMEY, Respondent, v. CRAIG MOUNTAIN LUMBER COMPANY, LIMITED, a Corporation, Appellant.

[170 Pac. 112.]

COURTS—JURISDICTION—REMOVAL OF CAUSES—PARTIES—PERSONAL IN-JURIES—SUFFICIENCY OF EVIDENCE—EMPLOYER AND EMPLOYEE—AS-SUMPTION OF RISK.

1. Where it is sought to transfer a case from a state court to a federal court on the ground of diversity of citizenship between the plaintiff and one of two defendants, it being admitted no such diversity exists as to the other defendant, the contention being he was fraudulently made a party in order to defeat the right of removal, if the judge of the state court finds, from the allegations of the petition for removal and the uncontroverted facts alleged in the complaint, that the defendants appear to be jointly liable in the action and that both are proper parties defendant thereto, juris-diction of the case should be retained in the state court regardless of plaintiff's motive in suing the defendant with respect to whom diversity of citizenship does not exist.

2. Where it appears that the defendant, with respect to whom diversity of citizenship does not exist, was an employee of his codefendant, the fact that his liability is predicated upon nonfeas-ance, consisting of failure to discharge a duty arising from his employment, rather than misfeasance or malfeasance, is not material.

3. Where the plaintiff, in good faith, insists upon the joint lia-bility of such defendants, but a nonsuit is granted in favor of the one with respect to whom diversity of citizenship does not exist, the other does not thereby become entitled to a removal, for the right is not contingent upon the aspect the case may assume on the facts developed at the trial.

4. In an action for damage for personal injury, it is not neces-sary that the facts upon which a verdict for plaintiff is based exclude the possibility that the injury resulted from a cause other than that relied upon for recovery.

5. An employee, in accepting employment, assumes the ordinary risks incident thereto, but not such as arise out of the negligence of the employer, unless they are known to him, or are of such a nature that by the exercise of ordinary care he would have known of them.

6. An employee cannot be held to have assumed a risk, due to defective appliance, although he knew the defect existed, if he did not know of the existence of the danger arising from it.

[As to liability of the master for injury to the servant through defective machinery, see notes in 77 **Am. Dec.** 218; 34 **Am. Rep.** 621; 98 **Am. St.** 289.]

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action for damages. Judgment for plaintiff. *Affirmed.*

Danson, Williams & Danson, Chas. L. McDonald and George D. Lantz, for Appellant.

The evidence renders the cause of injury conjectural and attributable to conditions insufficient to form the basis for a recovery against appellant. (*Antler v. Cox,* 27 Ida. 517, 149 Pac. 731.)

A servant assumes the risks arising from the master's negligence—assuming that the master was negligent in this case—where such risks are known to the servant, or where they are obvious. (*Minty v. Union Pac. Ry. Co.,* 2 Ida. 437, 471, 21 Pac. 660, 4 L. R. A. 409; *Knauf v. Dover Lumber Co.,* 20 Ida. 773, 120 Pac. 157; 26 Cyc. 1203, 1220.)

The facts showing respondent's recognition of appellant as his sole employer show an actual fraudulent design to evade the jurisdiction of the United States district court and an utter absence of any basis for joinder. That showing left no alternative for the lower court; it was bound to order the case removed; and the subsequent proceedings were void for want of jurisdiction. (*Stone v. South Carolina,* 117 U. S. 430, 6 Sup. Ct. 799, 29 L. ed. 962; *Crehore v. Ohio & M. R. Co.,* 131 U. S. 240, 9 Sup. Ct. 692, 33 L. ed. 144; *Madisonville Traction Co. v. St. Bernard Min. Co.,* 196 U. S. 239, 244, 25 Sup. Ct. 251, 49 L. ed. 462, 464.)

"The servant is liable for misfeasance, though the act be in obedience to the master's order, but for mere nonfeasance or omission of duty he is not liable to third persons, but only to the master, who alone is answerable to third persons for

the servant's neglect. (*Burns v. Pethcal,* 75 Hun, 437, 27 N. Y. Supp. 499; *Henshaw v. Noble,* 7 Ohio St. 226; *Floyt v. Shenango Furnace Co.,* 186 Fed. 539; *Kelly v. Chicago & A. Ry. Co.,* 122 Fed. 286; *Dudly v. Illinois Cent. R. Co.,* 29 Ky. Law, 1029, 96 S. W. 835; *Murray v. Usher,* 117 N. Y. 542, 23 N. E. 564.)

Even if the master fails in his duty to furnish the servant a place ordinarily safe in which to work, and there are to the knowledge of the servant defects which render the place unsafe, the servant is held to have assumed the hazard, for he cannot go on, with knowledge of the danger, without complaint until he is injured and then hold the master liable. (*Republic Iron & Steel Co. v. Lee,* 227 Ill. 246, 81 N. E. 411; *Goure v. Storey,* 17 Ida. 352, 105 Pac. 794; *Cichowicz v. International Packing Co.,* 206 Ill. 346, 68 N. E. 1083; *Palmer v. Harrison,* 57 Mich. 182, 23 N. W. 624; *Miller & Sons Co. v. Wayman* (Tex. Civ.), 157 S. W. 197; *Duffey v. Consolidated Block Coal Co.,* 147 Iowa, 225, 124 N. W. 609, 30 L. R. A., N. S., 1067; *Powell v. Ashland Iron & Steel Co.,* 98 Wis. 35, 73 N. W. 573; 1 Labatt, Master and Servant, 146; 26 Cyc. 1225.)

Geo. W. Tannahill and Miles S. Johnson, for Respondent.

The appellant failed to furnish either a safe place to work or safe tools and implements with which to work. (*Tucker v. Palmberg,* 28 Ida. 693, 155 Pac. 981; 26 Cyc. 1203, 1220.)

"Assumption of risk is sufficiently negatived where it is alleged that the servant was inexperienced or youthful, that he did not know or appreciate the dangers to which he was exposed, and that the master knowing these facts failed to warn or instruct him as to the dangers of his employment." (26 Cyc. 1399.)

Bair was properly joined as a party defendant with the Craig Mountain Lumber Company. (*Russell v. Champion Fiber Co.,* 214 Fed. 963, 131 C. C. A. 259; *Thomas v. Great Northern Ry. Co.,* 147 Fed. 83, 77 C. C. A. 255.)

"If a person has a cause of action on which he may properly sue either one or two parties, and he chooses to sue both,

he may do so, though his motive in joining them is to prevent a removal to a federal court." (*Deere, Wells & Co. v. Chicago, M. & St. P. R. R. Co.*, 85 Fed. 876; *Louisville & N. R. Co. v. Wangelin*, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. ed. 473, 474; *Alabama Great Southern R. Co. v. Thompson*, 200 U. S. 206, 4 Ann. Cas. 1147, 26 Sup. Ct. 161, 50 L. ed. 441; *Cincinnati etc. Ry. Co. v. Bohon*, 200 U. S. 221, 4 Ann. Cas. 1152, 26 Sup. Ct. 166, 50 L. ed. 448; *Whitcomb v. Smithson*, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. ed. 303; *Moeller v. Southern Pac. Co.*, 211 Fed. 239; *Howe v. Northern Pac. R. Co.*, 30 Wash. 569, 70 Pac. 1100, 60 L. R. A. 949.)

MORGAN, J.—Respondent, a citizen and resident of Idaho, instituted this action against appellant, a foreign corporation, to recover $2,995 damages for personal injuries received while working with a jammer, or derrick, used in hoisting logs. The action was brought under the provisions of the Employers' Liability Law, Sess. Laws, 1909, p. 34, and the trial resulted in a judgment for respondent, for the amount claimed, which was reversed because the facts established did not bring the case within the scope of that act of the legislature. (*Sumey v. Craig Mountain L. Co.*, 27 Ida. 721, 152 Pac. 181.) Thereafter the complaint was amended; J. J. Bair, a citizen and resident of Idaho, was joined with appellant, as a party defendant, and judgment in the sum of $25,000 was demanded. The second trial resulted in a nonsuit in favor of Bair, and in a judgment for $7,500 for respondent against appellant, from which, and from an order denying a motion for a new trial, this appeal has been taken.

Prior to filing its answer appellant petitioned for removal of the cause to the federal court, alleging that Bair had been made a party, fraudulently, for the purpose of retaining jurisdiction in the state court. Upon consideration of the record, composed of the complaint and petition, the trial court denied the removal and retained jurisdiction. When the motion for nonsuit was granted in favor of Bair the petition for removal was renewed by appellant and was again denied. This action of the court is assigned as error.

It is alleged in the complaint, among other things, that at the time he received his injuries "plaintiff was working as an employee of and under the employment of the said defendants, and especially the defendant, Craig Mountain Lumber Company, Limited, and under the direction of the defendant, J. J. Bair." Another allegation of the complaint is to the effect that respondent was employed to work as a cant-hook man on the ground and that he told the defendants he had never worked on top of a skidway, where he was subsequently required to work; that he was unaware that the place where he was required to work was dangerous; that defendants had knowledge of his inexperience in working on top of a skidway and with a jammer, but notwithstanding such knowledge they failed to inform him of the dangerous condition of the place and of the appliance with which he was required to work, and negligently, wilfully, carelessly and wantonly placed him in an unnecessarily dangerous place and furnished him unnecessarily dangerous tools and machinery with the use of which he was unskilled and unacquainted.

It is alleged, among other things, in the petition for removal, that the action had originally been commenced by respondent against appellant, alone, and in his complaint he had alleged he was injured while working in the employ of appellant and no suggestion or claim was made that Bair was a joint employer; that on the former trial of the case respondent testified he was in the employ and worked under the direction of appellant; that Bair was a foreman, or superintendent, who had charge of the work on appellant's behalf and it had never been claimed by respondent in his complaint, nor in his evidence previously given, that Bair was one of his employers.

It is difficult to determine from the complaint, standing alone, whether it was respondent's theory that Bair was jointly liable with appellant as an employer, or because of neglect and improper discharge of his duties, as appellant's foreman, whereby respondent was injured. The allegation quoted from the petition rather strengthens than weakens

the complaint in this particular.  For the purpose of deciding the question of jurisdiction it was unnecessary for the trial court to determine under which of these theories it was contended Bair's liability arose.  It is sufficient to say, from the allegations of the petition for removal and the uncontroverted facts alleged in the complaint, he appeared to be jointly liable with appellant, either as a coemployer or because of the improper discharge of, or failure to discharge, his duties as appellant's agent; that the facts alleged in the petition for removal had a tendency, if uncontradicted or unexplained at the trial, to impeach, or weaken, testimony respondent might give in support of his amended complaint but, admitted to be true, it does not defeat his right to attempt to maintain his action against Bair, and therefore jurisdiction of the case was properly retained in the state court regardless of what respondent's motive may have been in making him a defendant.  (*Chesapeake & O. R. Co. v. Cockrell*, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. ed. 544; *Russell v. Champion Fiber Co.*, 214 Fed. 963, 131 C. C. A. 259; 2 Foster's Federal Practice, 5th ed., secs. 540, 1781–1787.)

It does not appear that the nonsuit was granted in favor of Bair with respondent's consent, and there was no error in the action of the trial court in again denying the petition for removal at that point in the proceedings.  "Where the plaintiff, in good faith, insists on the joint liability of all the defendants throughout the trial, and the complaint is dismissed upon the merits as to such as are citizens of his state, the remaining defendants cannot then remove the case."  (2 Foster's Federal Practice, 5th ed., 1821; *Moeller v. Southern Pacific Co.*, 211 Fed. 239; *Whitcomb v. Smithson*, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. ed. 303.)  As was said by the court in the case last above cited: "The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issue tried."

Appellant further insists the case should have been removed because it appeared Bair was foreman upon the work and that his neglect to warn respondent of the danger, inhe-

rent in his employment, was an act of nonfeasance rather than misfeasance or malfeasance, and that his liability, if any existed, was to his employer and not to respondent. The distinction sought to be made by many courts, in cases of this kind, between negligent failure to perform his duty, upon the part of an employee placed in a responsible position by his employer, and carelessness or wilful misconduct in its performance, appears to be more theoretical than substantial. In other words, had the trial judge submitted to the jury the question of Bair's liability, that action would have been sustained, if based upon evidence showing his conduct, resulting in respondent's injury, amounted to either malfeasance, misfeasance or nonfeasance. Very instructive notes upon this subject are to be found appended to the cases of *Mayer v. Thompson-Hutchinson Building Co.*, 104 Ala. 611, 53 Am. St. 88, 16 So. 620, 28 L. R. A. 433, and *Ward v. Pullman Co.*, 131 Ky. 142, 114 S. W. 754, 25 L. R. A., N. S., 343.

The evidence disclosed that respondent was employed by appellant, in the first instance, as a cant-hook man; that his duty was to work upon the ground and roll logs within reach of the jammer; that he was afterward directed to work on top of a pile of logs whereon other logs were being placed by means of the jammer, which was equipped with a main cable from which two other cables branched forming what is called a "crotch," to the ends of which hooks were affixed. Two men, called "hookers," were at the base of the skidway leading up to the side of the pile of logs, one on each side of it. Their duty was to fasten the hooks into the logs, one in each end. A team was hitched to the main cable and drew the logs up the skidway to the desired position at the top of the pile. It was the duty of respondent, and another man employed to work with him on top of the pile, to place the logs and release the hooks.

It appears that while performing his duties, and while a log was being raised, one of the hooks came out and the cable forming one side of the crotch swung around and hit respondent, knocked him off the pile of logs and injured him.

He claims damages because, as he contends, the hooks were not properly made so as to securely fasten into the logs; that the crotch was so long that, instead of having a tendency to draw the points of the hooks into the ends of the logs, it loosened them and drew them out; that by reason of these facts, and because it was unguarded, the place where he worked was rendered dangerous; that he was unfamiliar with and inexperienced in that kind of work, and so informed appellant when placed there.

Appellant contends that it appears from the evidence there were five probable causes of the accident, only two of which are attributable to it, and, therefore, as the injury may have been the result of any of these, it was mere conjecture on the part of the jury to say that appellant was responsible. *Antler v. Cox,* 27 Ida. 517, 149 Pac. 731, is cited, among other cases, in support of this contention. That case is not in point, for therein it was decided the allegations of the complaint, as to the proximate cause of the injury, were not sustained by the evidence. There is no dispute here that the loosening of the hooks was the proximate cause of respondent's injury. The question is: What caused them to loosen?

The five probable causes insisted upon by appellant are: 1. Carelessness of those who fastened the hooks into the log; 2. Unsound condition of the log; 3. That the log rolled into a depression between two other logs; 4. The hooks were not properly made; 5. The crotch was too large.

There was no evidence tending to show that the hookers were negligent, or that the log was unsound, unless that might be inferred from certain testimony that a piece was torn from it. There was some evidence to the effect that the hook came out when the log rolled into a depression, but there was also evidence that it released the log as it was being hoisted out of the depression, and that this would likely not have happened had the hooks been properly made and the crotch of proper size to pull them straight into the log.

There was testimony introduced by respondent tending to prove that the crotch and hooks were not of proper con-

struction to fasten securely, and that even if the log was unsound, or rolled into a depression, these defects in the appliance would increase the tendency to release it.

This court said in *Adams v. Bunker Hill etc. Mining Co.* (on rehearing), 12 Ida. 643, 89 Pac. 624, 11 L. R. A., N. S., 844: "There are a very few things in human affairs, and especially in litigation involving damages, that can be established to such an absolute certainty as to exclude the *possibility,* or even some *probability,* that another cause or reason may have been the true cause or reason for the damage rather than the one alleged by the plaintiff. But such *possibility,* or even *probability,* is not to be allowed to defeat the right of recovery where the plaintiff has presented to the jury sufficient facts and circumstances surrounding the occurrence as to justify a reasonable juror in concluding that the thing charged was the prime and moving cause." (See, also, *Newman v. Great Shoshone etc. Pw. Co.,* 28 Ida. 764, 156 Pac. 111, and authorities therein cited.)

The record in this case is sufficient to warrant the jury in concluding that the preponderance of the evidence justified a finding that the injury resulted from the causes relied upon by respondent.

Appellant contends that the injury resulted from a risk assumed by respondent within the rule that an employee assumes the hazards arising from the employer's negligence, where they are known by him, or are obvious.

The rule adopted by this court is stated, in effect, in *Knauf v. Dover L. Co.,* 20 Ida. 773, 120 Pac. 157, to be that an employee, in accepting employment, assumes the ordinary risks incident thereto, but not such as arise out of the negligence of the employer, unless they are known to him, or are of such nature that by the exercise of ordinary care he would have known of them.

Whether the hooks and crotch were so obviously imperfect, and the dangers from their use so manifest that, in working with them, respondent assumed the risk of injury resulting from their defects, was a question for the jury. It appears he had been working on the log pile but a short time prior

to his injury, and, at the time he was removed from the ground to that position, he informed the foreman, Bair, of his inexperience, and Bair made the change without warning him of the danger of the employment he was about to undertake. His inexperience was a matter to be taken into consideration by the jury in determining whether or not the hazards of his employment were assumed by him. (18 R. C. L. 691.)

It is true respondent remarked to the foreman, according to his own testimony, that he thought the crotch was too long, but he further testified he did so because he had an idea that to shorten it would prevent the hooks pulling out so often and save time. This shows he had some knowledge of one of the defects, namely, the length of the crotch, but it does not show he appreciated the danger resulting from that condition. There is a distinction between knowledge of defects and knowledge of risks resulting from such defects. An employee cannot be held to have assumed a risk due to defective appliance, although he knew the defects existed, if he did not know of the existence of danger therefrom. (26 Cyc. 1240; 18 R. C. L. 649, par. 141.)

The evidence is sufficient to sustain the finding by the jury that respondent did not appreciate the danger; that he was not warned of it, and that, due to his inexperience, it was not so obvious as to charge him with notice.

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.