(September 5, 1913.)

## CATTERINA CHIARA et al., Respondents, v. STEWART MINING CO., Appellant.

[135 Pac. 245.]

NEGLIGENCE—DAMAGE FOR WRONGFUL DEATH—SUFFICIENCY OF EVIDENCE—1909 EMPLOYERS' LIABILITY LAW—1909 EMPLOYERS' LIABILITY ACT CUMULATIVE AND NOT REPEALING IN EFFECT.

1. Where a laborer working in a mine as loader and dumper on ore cars was accustomed to ride from the place of dumping the ore and waste back to the mouth of the tunnel on the bumper of the back car, and it is shown that such place was unsafe for anyone to ride and that the laborer, after working a few days at this work, either fell off or was thrown from the bumper and run over and crushed by the car, and it appears that the master had not furnished the workman with any other place that was more safe for him to ride or do his work, and that the master had been accustomed to allow other loaders to ride at this same place, *held*, that under the facts of this case the master is guilty of negligence and

liable in damages for the death of the servant, and that the servant was not guilty of such contributory negligence as will defeat a recovery.

2. *Held,* that house bill No. 26, enacted by the 1909 session of the legislature, which act relates to the liability of employers and masters, did not repeal sec. 4100 of the Rev. Codes, which authorizes the prosecution of an action by the heirs or personal representatives of one whose death is caused by the wrongful act or neglect of another.

3. *Held,* further, that the act of March 6, 1909 (1909 Sess. Laws, p. 34), was intended to extend the rights of employees and limit the defenses of employers in cases of personal injury.

4. Act of March 6, 1909, known as the employers' liability act, is not in conflict with and does not repeal pre-existing statutes conferring the right of action for a death claim, and does not prevent the prosecution of an action under sec. 4100 of the Rev. Codes.

APPEAL from the District Court of the First Judicial District for Shoshone County.   Hon. W. W. Woods, Judge.

Action for damages for the wrongful death of the plaintiffs' intestate.   Judgment for plaintiffs.   Defendant appealed. *Affirmed.*

E. J. Cannon, G. M. Ferris, W. E. Cullen, and Featherstone & Fox, for Appellant.

There is not a word of testimony in this record from which the jury could legitimately find what caused the deceased to fall from the car. All that the respondent proved was that the deceased was last seen upon the car and later found dead under it. This is not sufficient to support a verdict. (*Powers v. Pere Marquette Ry.,* 143 Mich. 379, 106 N. W. 1117; *Pittsburgh Coal Co. v. Myers,* 203 Fed. 221; *Patton v. Texas etc. Ry.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. ed. 361; *Stratton v. Nichols Lbr. Co.,* 39 Wash. 323, 109 Am. St. 881, 81 Pac. 831; *Hamann v. Milwaukee Bridge Co.,* 127 Wis. 550, 106 N. W. 1083, 7 Ann. Cas. 458; *Peppett v. Mich. Ry.,* 119 Mich. 640, 78 N. W. 900; *Clare v. New York etc. Ry.,* 167 Mass. 39, 44 N. E. 1054; *Redmond v. Delta Co.,* 96 Mich. 545, 55 N. W. 1004; *Tyndale v. Old Colony Ry.,* 156 Mass. 503, 31 N. E. 655; *Hansen v. Seattle Lumber Co.,* 31 Wash. 608, 72 Pac.

457; *Reidhead v. Skagit Co.,* 33 Wash. 174, 73 Pac. 1118; *Chicago Ry. v. Kellogg,* 55 Neb. 748, 76 N. W. 462; *Armstrong v. Town of Cosmopolis,* 32 Wash. 110, 72 Pac. 1038; *Chicago & N. W. Ry. v. O'Brien,* 132 Fed. 596, 67 C. C. A. 421; 3 Elliott on Railroads, sec. 1299; 29 Cyc. 631.)

The deceased in voluntarily assuming the dangerous position of riding upon the bumper was guilty of contributory negligence as a matter of law, which precludes any recovery in this case.   (*Haynes v. Ft. Dodge etc. Ry.,* 118 Iowa, 393, 92 N. W. 57; *Baltimore Ry. v. Jones,* 95 U. S. 439, 24 L. ed. 506; *Kresanowski v. Northern Pac. Ry.,* 18 Fed. 229, 5 McCrary, 528; *Gilbert v. Burlington Ry.,* 128 Fed. 529, 63 C. C. A. 27; *Glover v. Scotten,* 82 Mich. 369, 46 N. W. 936; *Warden v. Louisville Ry.,* 94 Ala. 277, 10 So. 276, 14 L. R. A. 552; *Tower Lumber Co. v. Brandvold,* 141 Fed. 919, 73 C. C. A. 153; Bailey on Personal Injuries, sec. 1453.)

The danger of riding upon the bumper of the car was open and obvious, and one which must be readily appreciated by a person of ordinary intelligence.   The deceased was in the possession of all his faculties and was a man of many years' experience in mine work.   He had been warned of the danger.   Under this state of facts he assumed the risk of riding the bumper as a matter of law.   (*Smith v. Potlatch Lumber Co.,* 22 Ida. 782, 128 Pac. 546; *Knauf v. Dover Lumber Co.,* 20 Ida. 773, 120 Pac. 157; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Butler v. Frazee,* 211 U. S. 459, 29 Sup. Ct. 136, 53 L. ed. 281; *Goure v. Storey,* 17 Ida. 352, 105 Pac. 794.)

The fact that the deceased selected a dangerous method of performing a work when there were several safe methods at hand precludes a recovery.   (*Rippetoe v. Feeley, supra; Stratton v. Nichols, supra; Hoffman v. American Co.,* 18 Wash. 287, 51 Pac. 387; *Gilbert v. Burlington Ry.,* 128 Fed. 534, 63 C. C. A. 27; *Morris v. Duluth Ry.,* 108 Fed. 749, 47 C. C. A. 661; *Illinois Cent. Ry. v. Swift,* 213 Ill. 307, 72 N. E. 740; *Bundy v. Union Iron Works,* 46 Wash. 231, 89 Pac. 546; *Chicago Ry. v. Davis,* 53 Fed. 63, 3 C. C. A. 429; *Beltz v. American Co.,* 37 Wash. 399, 79 Pac. 981; *Kennedy v. Merrimack Co.,* 185 Mass. 442, 70 N. E. 437.)

The act of 1909 by its plain terms repeals sec. 4100, and in failing to plead and prove that they had complied with the law of 1909, the respondents were not entitled to have their case submitted to the jury. An act such as the one here in question by its terms repeals any and all acts or parts of acts in conflict therewith, whether the act so provides or not. (*Nelden v. Clark*, 20 Utah, 382, 77 Am. St. 917, 59 Pac. 524; *Nicol v. City of St. Paul*, 80 Minn. 415, 83 N. W. 375; *Fisk v. Henarie*, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. ed. 1083; *State ex rel. Adair v. Drexel*, 74 Neb. 776, 105 N. W. 174; *Mack v. Jastro*, 126 Cal. 130, 58 Pac. 372.)

John P. Gray and Therrett Towles, for Respondents.

The evidence not only was sufficient to show that the injury was caused because of the defective car, but was so full as to practically preclude any other reasonable conclusion. The respondents maintain that under all the testimony there was presented a pure question of fact for the jury. No eye-witness was standing where he saw the exact manner in which the accident occurred, but the circumstances of the case are clear, convincing and satisfactory. (*Calkins v. Blackwell Lumber Co.*, 23 Ida. 128, 129 Pac. 435; *Adams v. Bunker Hill etc. Co.*, 12 Ida. 643, 89 Pac. 624, 11 L. R. A., N. S., 844; *Rosellini v. Salsich Lumber Co.*, 71 Wash. 208, 128 Pac. 213; *Missouri K. & T. Ry. Co. of Texas v. Blackman*, 32 Tex. Civ. App. 200, 74 S. W. 74; *Vanyi v. Portland Flouring Mills Co.* (Or.), 128 Pac. 830; *Union Stockyards Co. v. Conoyer*, 41 Neb. 617, 59 N. W. 950; *Brownfield v. Chicago, R. I. & P. Ry. Co.*, 107 Iowa, 254, 77 N. W. 1038; *Cameron v. Great Northern Ry. Co.*, 8 N. D. 124, 77 N. W. 1016; *Union Stockyards Co. v. Goodwin*, 57 Neb. 138, 77 N. W. 357; *Hughes v. Louisville & N. R. Co.*, 104 Ky. 774, 48 S. W. 671; *Ft. Worth & R. G. Ry. Co. v. Kime*, 94 Tex. 649, 54 S. W. 240.)

It is assumed in appellant's brief that the deceased had been repeatedly warned not to ride upon the waste car. That was a question for the jury. He is presumed, under the rule adopted by this court, to have been in the exercise of due care.

(*Adams v. Bunker Hill etc. Co., supra; Fleenor v. Oregon S. L. R. Co.,* 16 Ida. 791, 102 Pac. 897.)

It was clearly proven by the evidence in this case that the defective condition of the car was the cause of death, and under the decision of this court in *Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080, and *Walsh v. Winston Bros. Co.,* 18 Ida. 768, 111 Pac. 1090, the deceased did not assume the risk of the master's negligence in the particulars complained of. The Idaho employers' liability act is copied from the Massachusetts act, as is also the Colorado employers' liability act, and the Massachusetts act was taken from the English statute. The question of whether such an act was cumulative or exclusive in a death case has been decided in Colorado first by the court of appeals in *Mitchell v. Colo. Milling & Elevator Co.,* 12 Colo. App. 277, 55 Pac. 736, and by the supreme court of Colorado in the same case—*Colo. Mill etc. Co. v. Mitchell,* found at 26 Colo. 284, 58 Pac. 28. (See, also, *Statts v. Twohy Bros. Co.,* 61 Or. 602, 123 Pac. 909; *Bussey v. Gulf & S. I. R. Co.,* 79 Miss. 597, 31 So. 212; *Dennis v. Atlantic Coast Line R. R.,* 70 S. C. 254, 106 Am. St. 746, 49 S. E. 869; 1 Lewis' Sutherland Stat. Const., par. 256, p. 491; *Denver & R. G. Co. v. Norgate,* 141 Fed. 247, 72 C. C. A. 365, 6 L. R. A., N. S., 981, 5 Ann. Cas. 448; *Colorado M. & E. Co. v. Mitchell,* 26 Colo. 284, 58 Pac. 28; 5 Labatt, Master & Servant, 2d ed., p. 5279; *Ryalls v. Mechanics' Mills,* 150 Mass. 190, 22 N. E. 766, 5 L. R. A. 667; *Barber Asphalt Paving Co. v. Austin,* 186 Fed. 443, 108 C. C. A. 365.)

AILSHIE, C. J.—This action was instituted to recover damages for wrongfully causing the death of a laborer who was engaged in loading and unloading ore and waste cars in appellant's mine. The verdict is assailed on the charge that the evidence wholly fails to show negligence on the part of the mining company or the means by which the deceased met his death.

It is evident to us that the bumper projecting only three inches on the back end of an ore car is not a safe place for anyone to ride. Whether or not the deceased was warned, as

claimed by appellant, against riding at that place, it remains a fact, nevertheless, that he was permitted to ride there and that others discharging the same work had done so before this accident. It is apparent, however, that this was equally as safe, if not safer, than any other place the company had provided for the loader to ride in performing his duties at this mine. To have attempted to let the cars back up and jump onto the motor would have been attended with as much danger, owing to the narrowness of the space provided for standing room at the side of the track. So far as it appears to us from the record before us, about the only way in which the laborer could have acted with greater safety to himself would have been to refuse to work in the capacity of loader under such conditions, and this would have probably meant his discharge. The master knew the conditions better than the servant, for it appears that the servant had only worked on his job a few days before his death.

There is also evidence in this case which tends to support the contention of respondent that the car on which the deceased was riding was in a dangerous and defective condition, which caused the wheel to climb the rail at the switch frog and thus derail the car. This would have thrown the deceased from his place on the bumper and dropped him under the car where he was crushed to death. This case contains facts which it was necessary for the court to submit to the jury, and their finding, however much it may diverge from the conclusion one might reach from reading the printed record, is, nevertheless, conclusive on the appellate court. The presumption must be indulged, in the absence of proof to the contrary, that one who was killed while engaged at his duties was exercising reasonable care and precaution for the protection and preservation of his person and life, and that he was possessed of the ordinary instincts for self-preservation. (*Adams v. Bunker Hill etc. Min. Co.*, 12 Ida. 643, 89 Pac. 624, 11 L. R. A., N. S., 844; *Fleenor v. Oregon Short Line R. R. Co.*, 16 Ida. 781, 102 Pac. 897.)

It has also been urged that this action could not be maintained, for the reason that the plaintiffs failed to show that

they had complied with the provisions of house bill No. 26 of the 1909 session of the legislature (1909 Sess. Laws, p. 34), which act relates to the liability of employers and masters, etc., and was approved March 6, 1909. That act, among other things, by sec. 5 thereof, prohibits the prosecution of an action for compensation for injuries, unless notice be served on the employer within 150 days after the accident, giving time, place and cause of injury, and in case of death it requires that the notice be given within sixty days after the death of the injured party. This act, by sec. 4 thereof, also limits the compensation to be recovered in case of death to the sum of $5,000.

It is argued that the act of March 6, 1909, repealed all previous acts on the subject, and that since the right to recover for the death of an injured party is created by statute, this latter statute is the only statute under which recovery could be had.

We shall not attempt to analyze this statute or point out at length the difference between this and the pre-existing statute, sec. 4100, Rev. Codes. We may say, however, that the act of March 6, 1909, appears to have been adopted for the purpose of extending the rights of employees and limiting the defenses previously accorded to employers. The main purpose, evidently, was to abrogate the fellow-servant doctrine. This latter statute is almost an exact counterpart of a similar statute which has long been in force in Massachusetts, Alabama, Mississippi, South Carolina, Oregon and Colorado. The courts of all these states appear to have taken the view that the adoption of this statute did not repeal or abrogate any existing law with reference to the right of recovery by the heirs or legal representatives of a deceased person for an injury causing the death of such person. This same point was argued in the supreme court of Colorado in *Colorado Milling & Elevator Co. v. Mitchell*, 26 Colo. 284, 58 Pac. 28, and the court disposed of the question as follows:

"Counsel for appellant concede that an employee who survives an injury can still avail himself of his common-law remedy, notwithstanding the statute of 1893, but contend that

the same rule does not apply to one whose right of action is given by the statute of 1877. We cannot see any reason for this distinction, or perceive why the right of action created by the statute is abrogated by the subsequent act, any more than one that existed at common law, since no such intention is indicated in terms or by implication. It is well settled that a statute providing a new remedy for an existing right does not take away a pre-existing remedy without express words or necessary implication. (23 Am. & Eng. Ency. of Law, p. 393, and cases cited.) The same rule of construction is applied to statutes in derogation of existing statutes as applies to those in derogation of common law, and the same presumption obtains that no change is intended, unless the later statute is clear and explicit to that effect. (Suth. St. Con., sec. 139.) The statute of 1893, as we have before stated, does not attempt in any manner to repeal, modify, or restrict any of the provisions of the statute of 1877, nor to change or abridge any right or remedy thereby given. It merely provides that the parties who were entitled by law to sue in case the injury results in death shall have the right of compensation and remedy that it gives to the employee.''

In *Bussey v. Gulf & S. I. R. Co.*, 79 Miss. 597, 31 So. 212, the supreme court of Mississippi were considering the question as to whether the statute had repealed or abrogated the preexisting law of Mississippi on the subject, and in speaking with special reference to the difference in the amount of damage to be allowed under the new law and the pre-existing law, the court said:

''It is said the measure of damages is different in the two acts, and there is difference as to who may sue. Certainly. Do they not relate, as shown, to wholly different subject matters? The measure of damages and the parties to sue might well be different,—might be just what the legislature chose to make them. There is no conflict possible to be seen because of the different measures of damages, except where the two wholly different acts, with wholly different histories and purposes, are confused and blended, instead of being kept separate and distinct.''

For holdings to the same effect, see *Colo. Milling & Elevator Co. v. Mitchell*, 26 Colo. 284, 58 Pac. 28; *Columbus etc. R. R. Co. v. Bradford*, 86 Ala. 579, 6 So. 90; *Ryalls v. Mechanics' Mills*, 150 Mass. 190, 22 N. E. 766, 5 L. R. A. 667; *Statts v. Twohy Bros. Co.*, 61 Or. 602, 123 Pac. 909; *Dennis v. Atlantic Coast Line R. Co.*, 70 S. C. 254, 106 Am. St. 746, 49 S. E. 869.

We conclude that the act of March 6, 1909, is not in conflict with and does not repeal the pre-existing statute, conferring the right of action for a death claim.   The fact that sec. 6 of the act provides that "the acts and parts of acts in conflict herewith are hereby repealed" did not have the effect of repealing sec. 4100, Rev. Codes, under which the present action is prosecuted.

The case of *Troxall v. Delaware L. & W. R. Co.*, 227 U. S. 434, 33 Sup. Ct. 274, 57 L. ed, 586, decided by the supreme court of the United States, February 24, 1913, is not in point and does not support the contention made by appellant.

We find no error for which a new trial should be granted. Judgment affirmed.   Costs awarded to respondent.

Sullivan and Stewart, JJ., concur.

Petition for rehearing denied.