393 P.2d 601

**Clyde O. WEAVER, Plaintiff-Appellant,**

**v.**

**Cecil SIBBETT and Blaine D. Sibbett, Defendants-Respondents.**

**No. 9367.**

Supreme Court of Idaho.

June 24, 1964.

Black & Black, Pocatello, for appellant.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for respondents.

McFADDEN, Justice.

This action is for damages for personal injuries and loss of an automobile arising out of an automobile collision which occurred in Caribou county, March 14, 1962, between 7:30 and 8:00 P.M. Three automobiles were involved in the collision. Two were 1955 Chevrolets, one owned by plaintiff, and the other by defendant Cecil Sibbett. The third car belonged to Claud L. Roy, who is not a party to the action. The paved portion of the roadway at the place of the accident is approximately 20 feet in width, with an 8 to 19 inch shoulder between the pavement and the barrow pit. The winter accumulation of snow had been plowed off the pavement, leaving it bare, filling the barrow pit, and forming a low bank on the shoulder of the road. The adjacent fields were snow covered.

At approximately 7:00 P.M., plaintiff, accompanied by his wife and daughter, were driving his white Chevrolet sedan on a visit to neighbors. As they approached the scene of the accident, the car stopped because of ignition trouble involving a wire to the coil. Plaintiff, using his starter, with the car in gear, pulled the car against the snowbank on the right side of the road. He then walked about half a mile to the home of Mr. Roy to obtain assistance in repairing the car. A few minutes later, because of the cold, his wife and daughter left the car and also walked to the Roy home.

After they visited for a few minutes Roy drove plaintiff back to the stalled car and parked his vehicle abourt eight or ten feet in front of and facing plaintiff's vehicle. Since it was dark by that time Roy left his headlight on low beam to provide light with which to work on plaintiff's car. Plaintiff raised the hood, and held it up with his right hand, while he held a flashlight in his left. Roy stood on the right of the car, leaning over the right fender while attempting to repair it. The front and the rear lights of plaintiff's vehicle were not turned on while the men were thus engaged. A Mr. Vias drove up in the opposite direction from that of plaintiff's car, and visited a moment. Vias testified that as he drove up he could see the tail lights on Roy's car. He stated that Roy's car was closer to the center than was plaintiff's. In response to the question of what had called this fact to his attention, he testified:

"A. Well, when I left and went on I could see a light in my rearview mirror after I got up the road a short distance, I could see a car light shining in the rearview mirror.

"Q. And how many lights could you see?

"A. Just one.

\* \* \* \* \* \*

"Q. Where did that light appear to be in relation to the road?

"A. Nearly the center.

\* \* \* \* \* \*

"Q. Did you—as you drove on did you realize that it was Mr. Roy's car lights?

"A. No, I thought it was somebody following me."

After Vias drove away, plaintiff obtained a shovel from the trunk of Roy's car and used it to prop up the hood of his car so he would not have to hold it. He stood directly in front of his car leaning over the radiator, holding the flashlight for Roy. At the time of the accident both the plaintiff and Roy had their heads under the hood.

Meantime, at about 7:30 P.M., Blaine Sibbett, one of the defendants, driving his father's car (the other defendant's car), left his home to go to the home of a friend,

planning to attend a "play practice". He was alone in his vehicle, and travelling along the road in the same direction as the plaintiff's car had previously travelled. He testified that as he approached the place of the accident it appeared he was meeting a car with one headlight and that there was enough room to meet and pass it. Driving with his lights on low beam as he approached the light, defendant did not see the plaintiff's car until he was within 8 to 10 feet of it. He attempted to swerve to miss it, and attempted to apply his brakes, but it was too late to avoid the collision. Defendant's car collided with the rear end of plaintiff's car, which in turn hit Roy's car, knocking it down the road and across it at an angle. Plaintiff was pinned face down under his car with the front axle resting on his neck, requiring the car to be jacked up to release him. He was the only person severely injured in the accident.

Defendant Blaine Sibbett, further testified that as he approached the light he slowed from about 40 to 35 miles per hour. He did not see the reflectors on the rear of plaintiff's car. There is a conflict in the record as to whether the left red reflector on plaintiff's car had been broken out before the accident. There was also conflicting testimony as to whether the rear of the plaintiff's car and the reflectors were spattered with mud. The weather was clear and cold, the sun had set at 6:30 P.M., and the moon was in its first quarter. Roy testified that as far as he knew there was nothing which would have prevented plaintiff from turning on the lights of his car while they were working on it.

After trial, the jury returned a verdict in favor of defendants on which judgment was entered. Plaintiff moved for new trial, which motion was denied. This appeal is taken from the judgment and order denying motion for new trial.

 Plaintiff claims error by the trial court in admonishing the jurors after they were impaneled, as follows:

"THE COURT: Gentlemen, in this case in the questioning concerning your qualifications to sit as jurors some mention was made of the matter of insurance. I instruct you that you cannot bring in a verdict against any insurance company, and I further instruct you that no insurance company is a party to this action. The question of insurance does not enter into this case, and the jury is instructed not to consider the same at all."

No record of the voir dire examination of the prospective jurors appears in the record. Without an affirmative showing that the admonition by the court was unnecessary or not prompted by previous questions, we must presume that the trial court was correct in giving this admonition. Error is

not assumed on appeal, but must be affirmatively shown by the party assigning it. Nash v. Hope Silver-Lead Mines, 79 Idaho 137, 142, 314 P.2d 681; Clear v. Marvin, 86 Idaho 87, 383 P.2d 346, 349.

■■ Plaintiff assigns as error various instructions given, refusal of the trial court to give certain requested instructions, and refusal of the trial court to make certain rulings as a matter of law. It is contended that the trial court erred in not ruling as a matter of law that defendant Blaine Sibbett was negligent in failing to see plaintiff's stalled car. With this contention we cannot agree. An operator of a vehicle is not required to stop short of, nor to observe, a car parked on a roadway, regardless of existing conditions. Whether this defendant was negligent in failing to see plaintiff's parked car was a question of fact for the jury to determine from all the evidence, under the standard of conduct required of an ordinarily prudent man under the circumstances. Maier v. Minidoka County Motor Co., 61 Idaho 642, 650, 105 P.2d 1076; Annot. 22 A.L.R.2d 292 § 85, at page 310; Pittman v. Sather, 68 Idaho 29, 34, 35, 188 P.2d 600; O'Connor v. Black, 80 Idaho 96, 100, 326 P.2d 376.

■■ It is asserted the trial court erred in failing to instruct in Instruction No. 6, that the defendants must prove their affirmative defenses by a preponderance of the evidence. Instruction No. 6 set forth the plaintiff's burden of proof, and defined the term "fair preponderance of the evidence." Subsequent instructions given by the court, Nos. 7, 8 and 12, did fully instruct the jury as to the defendants' burden of proof as to their affirmative defenses. There was no error in giving separate instructions on the burden of proof of the respective parties. The whole law of a case cannot be embodied in a single instruction, and all instructions must be read and considered together. Judd v. Oregon Short Line R. R. Co., 55 Idaho 461, 44 P.2d 291; Pittman v. Sather, supra; Smith v. Sharp, 85 Idaho 17, 375 P.2d 184.

■ Plaintiff contends there was reversible error committed in submitting to the jury any question of the plaintiff's contributory negligence, contending there is no substantial evidence in the record to support such instruction. In Bell v. Carlson, 75 Idaho 193, 200, 270 P.2d 420, it was held to be reversible error for a trial court to submit the issue to the jury where "* * * the charge of contributory negligence [was] not sustained by substantial evidence in the record * * *." We have no disagreement with such holding, but the record in this case contains such evidence from which the jury could reasonably have inferred and determined that the plaintiff was negligent himself and that his negligence was a proximate cause and did contribute

to his injuries. The record is undisputed that plaintiff did not turn on the lights of his car while it was parked. He participated in parking the Roy car in such a position that one of its lights shown down the road so as to confuse at least one other witness besides defendant Blaine Sibbett, as to the position that car occupied on the highway. He placed no warning devices at or near the vehicle, and he did not see the defendant's car approaching.

"This Court has long adhered to the rule that where the minds of reasonable men might differ, or where different conclusions might be reached by different minds, the questions as to the existence of negligence or contributory negligence are for the jury. Wilde v. Hansen, 70 Idaho 8, 211 P.2d 153." Foster v. Thomas, 85 Idaho 565, 382 P.2d 792.

From the facts of this case the issue of the plaintiff's contributory negligence was a question for the jury.

Plaintiff asserts that it was error to instruct the jury upon defendants' defense of assumption of risk. This contention is based upon two grounds; First, that the doctrine is applicable only in cases of master servant or contractual relationship, existing between plaintiff and defendant. Assumption of risk is not so limited in this jurisdiction. Domingo v. Phillips, 87 Idaho

55, 390 P.2d 297, 300. Secondly plaintiff asserts the record contains no evidence that plaintiff knew, appreciated and voluntarily placed himself in a position of danger. The record does show, however, that plaintiff was well acquainted with the road and knew it was frequently traveled. Any ordinary person would have recognized the inherent danger of standing in front of a vehicle parked on a roadway at night without its tail lights burning and without warning devices of any kind placed upon the road. It is our conclusion the trial court properly submitted the defense of assumption of risk to the jury. Hooten v. City of Burley, 70 Idaho 369, 219 P.2d 651; Domingo v. Phillips, supra.

Error is likewise assigned to the giving of an instruction on the doctrine of sudden emergency, plaintiff contending that any emergency was the creation of the defendant's own negligence. As was stated in Dewey v. Keller, 86 Idaho 506, 388 P.2d 988, 992, the " * * * doctrine is applicable when one who, without fault on his part, is suddenly and unexpectedly placed in a perilous situation, so as to be compelled to act instantly and without an opportunity to exercise deliberate judgment." Care must be exercised to give such instruction only in those cases where applicable, for there is danger that an issue of whether there was an emergency may be improperly interjected, tending to divert the attention

of the jurors from resolution of the main issue of negligence. Hackworth v. Davis, 87 Idaho 98, 390 P.2d 422, 428. In the instant action, it is charged that defendant Blaine Sibbett, "negligently and carelessly drove the vehicle owned by Cecil Sibbett into the rear of the car owned by the plaintiff * * *." Unlike the case of Hackworth v. Davis, where the defendant was charged with negligence of a continuing nature, and not with negligence in acting in the face of an emergency situation, here the issue of the defendant's asserted negligence was broad enough to encompass the issue of his negligence in failing to avoid the collision after having been faced with an emergency situation. Under the facts of this case it was not prejudicial error to give such an instruction. Wheeler v. Oregon R. R. Etc. Co., 16 Idaho 375, 102 P. 347; Hamilton v. Carpenter, 49 Idaho 629, 290 P. 724; McCoy v. Krengel, 52 Idaho 626, 632, 17 P.2d 547; Stuart v. McVey, 59 Idaho 740, 87 P.2d 446; Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054; Garrett Freightlines v. Sell, 63 Idaho 738, 125 P.2d 1020; Barry v. Arrow Transportation Company, 80 Idaho 447, 454, 333 P.2d 1008; Annot. "Automobiles—Blinding Lights," 22 A.L.R.2d 292.

It is asserted the court erred in its instruction No. 17(b) stating "that as the evidence is without dispute that the car of plaintiff was visible for a distance of 500 feet, and the law presumes that a person must have seen that which was in the range of his sight." This assignment is without merit. This instruction complained of is a reiteration of the provisions of I.C. § 49-815(b) which provides:

"Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended, during the hours between a half hour after sunset and a half hour before sunrise and there is not sufficient light to reveal any person or object within a distance of 500 feet upon such highway, such vehicle so parked or stopped shall be equipped with one or more lamps meeting the following requirements: At least one lamp shall display a white or amber light visible from a distance of 500 feet to the front of the vehicle, and the same lamp or at least one other lamp shall display a red light visible from a distance of 500 feet to the rear of the vehicle, and the location of said lamp or lamps shall always be such that at least one lamp or combination of lamps meeting the requirements of this section is installed as near as practicable to the side of the vehicle which is closest to passing traffic. The foregoing provision shall not apply to a motor-driven cycle."

It was for the jury to determine whether under the facts presented at the trial, the

visibility of plaintiff's car was such as to relieve the plaintiff of this statutory obligation.

Errors are assigned to the giving of Instruction No. 24, plaintiff asserting his requested Instruction No. 2 correctly stated the law with respect to maintenance of a proper lookout, and the failure to give plaintiff's requested Instruction No. 14, dealing with the doctrine of last clear chance. No argument is presented, nor citation of authority made concerning these assignments. They therefore will not be considered; Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076; Murphy v. Mutual Life Ins. Co. of New York, 62 Idaho 362, 112 P.2d 993; Coffin v. Cox, 78 Idaho 111, 298 P.2d 742; Jewett v. Williams, 84 Idaho 93, 369 P.2d 590; Batchelder v. City of Coeur d'Alene, 85 Idaho 90, 375 P.2d 1001.

It was the determination of the jury that under the facts presented, the plaintiff was not entitled to recover. No error appearing in the record concerning that determination and judgment thereon, questions presented by appellant touching upon the measure of damages are thus immaterial to this opinion.

Judgment affirmed; costs to respondent.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.